HARTLEY, Respondent, v. JERRY'S RADIO & ELECTRIC SHOP et al., Appellants

(48 N. W.2d 925)

(File No. 9137.  Opinion filed August 21, 1951)

**H. R. Jackson,** Lemmon, for Appellant.
**F. J. Reeder,** Lemmon, for Respondent.

ROBERTS, J.   This action was brought by L. M. Hartley against Jerry's Radio and Electric Shop.   Judgment by default in the amount of $1367.67 was entered against the defendant named. . The sheriff's return is that the attached summons and complaint came into his hands for service and that he served them "upon Jerry Heinrich, who is owner & managing officer of said Jerry's Radio and Electric Shop, personally at Lead, So. Dakota by handing to and leaving with said party personally a true, correct and plain copy thereof."   Plaintiff caused execution to be issued and levy was made upon certain property belonging to Gerald J. Heimrick.   Thereafter, Heimrick appearing specially for the purpose of questioning the jurisdiction òf the court moved to quash the summons and to vacate and set aside the judgment and all proceedings had thereunder upon the following grounds:

"1. That said action by its terms is an action against a defendant as 'Jerry's Radio and Electric Shop of Lead, So. Dak.'; that the defendant named is not a person, firm, or corporation, and that in fact there is no such defendant and that the summons and complaint herein issued is a nullity.

"2. That the purported service of the summons and complaint herein upon the said Gerald J. Heimrick is a nullity for the reason that the said Gerald J. Heimrick is not named as a party defendant and is not a party in interest in the above entitled action.

"3. That if· it was the intention of plaintiff to sue the said Gerald J. Heimrick that he failed to name the said Gerald J. Heimrick as a defendant or to name him by any recognizable form whatsoever.

"4. That the plaintiff, if it was his intention to sue the said Gerald J. Heimrick, was not ignorant of the name of the said Gerald J. Heimrick.

"5. That if it was the intention of the said plaintiff to sue the said Gerald J. Heimrick, he totally failed to comply with the requirements of law and to amend his proceeding to name the said Gerald J. Heimrick as a defendant.

"6. That any purported service of the summons and complaint herein upon the said Gerald J. Heimrick is a nullity and totally void where the defendant is named as 'Jerry's Radio and Electric Shop of Lead, So. Dak.' "

In an affidavit made by Gerald J. Heimrick, the affiant states that he "resides at Lead, South Dakota and is a sole trader; that he is not associated with any other person in business whatsoever; that he is not a corporation, nor does he do business as or in a corporation; that he uses the name Jerry's Electric Shop as a business or trade name but that the same is not filed or recorded any place nor is it registered as a trade name; that he has no knowledge of any business known as Jerry's Radio and Electric Shop, except that he used such name at one time, but had ceased the use of such name long prior to the commencement of this action and prior to the making of any negotiations with * * * L. M. Hartley."

Plaintiff at the same time moved to amend the record to change the name of the party defendant so as to read "Gerald J. Heimrick an individual doing business as Jerry's Radio and Electric Shop of Lead, S. D. and as Jerry's Electric Shop and as Jerry's Electric." The court below denied the motion to quash and granted leave to amend. Gerald J. Heimrick appeals.

■ Appellant argues that there is no proof that service of process was made upon him. The proof of service filed recites that service was made upon Jerry Heimrich. It is the fact that service was made rather than the proof of service, that vests the court with jurisdiction to act. Marin v. Titus, 23 S. D. 553, 122 N.W. 596; Shenandoah Natl. Bank v. Reininger, 58 S. D. 568, 237 N. W. 765. Appellant did not urge this objection below and makes no claim upon appeal that summons and complaint were not actually served upon

him. But the record before us sufficiently identifies appellant as the individual upon whom the sheriff served summons and complaint.

Appellant contends that the trial court should have sustained his motion for the reason that he was not named as defendant; that service upon him personally did not constitute service on anyone; and that as an individual he was never brought within the jurisdiction of the court. It is asserted that this is not a case where plaintiff ignorant of the name of the defendant could have designated him by any name under the provisions of SDC 33.0401 and later have amended the proceeding to substitute the true name when it was discovered. In other words, plaintiff did not follow the practice authorized by this section. Appellant also asserts that the provisions of SDC 33.0408 permitting two or more persons associated in any business under a common name to be sued by such name have no application since it appears that appellant was not associated with other persons in business.

■■ Actions are commenced in this state, in circuit court, by service of summons. SDC 33.0803. While not process in the sense of being a writ issued by a court, a summons is the notice by which jurisdiction over the person of a defendant is acquired. It was said by this court in Jacobs v. Queen Ins. Company of America, 51 S. D. 249, 213 N.W. 14, that a summons or process which is merely voidable is amendable, but a void summons or process may not be amended for the reason that it is a nullity and there is nothing to amend. If the mistake in the name of the defendant herein was not so fatally defective that the court was without jurisdiction to render the judgment it did render, the summons was voidable and subject to amendment.

Freeman on Judgments, 5th Ed., § 341 states the rule as follows: "The objects to be accomplished by process are to advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named and make such defense as he has, and in default of his so doing, that judgment against him will be applied for or taken in a sum designated, or for relief specified. If the summons

actually issued accomplishes these purposes, it should be held sufficient to confer jurisdiction, though it may be irregular in not containing other statements required by the statute. If, on the other hand, it is wanting in these essential particulars, it will generally fail to give the court jurisdiction. It is sufficient in any case that the process is regular enough to inform the defendant of the nature of the proceedings against him, of the interest he has in them and of the court where the hearing will take place."

The liberal manner in which the courts permit amendments of process is illustrated by the case of Gans v. Beasley, 4 N.D. 140, 59 N.W. 714, wherein the summons, otherwise in due form, described the defendants by their firm name. Defendants moved to set aside an order amending the summons and complaint so as to show the names of the members of the firm. The court said that a case was presented for amendment under a statute which authorized the court before or after judgment in furtherance of justice to amend any process by adding or striking out the name of any party or by correcting a mistake in the name of a party. These provisions prior to the enactment of the South Dakota Code in 1939 were contained in Section 2377, Rev. Code 1919. The courts have inherent and comprehensive powers over their process. See annotation in 124 A.L.R. 86. Process which is merely voidable may in the absence of express authorization be perfected by amendment.

It is apparent from the record that appellant was neither deceived nor misled by the misnomer of the defendant. He was sued under a trade name that he had formerly used. The complaint attached to the summons and served upon him sets forth the nature of the relief demanded. He made no defense whatever to the action and although aware of the nature of the case, his interest therein, and the court wherein it was pending, he took no action until plaintiff several months after judgment was rendered caused levy to be made upon appellant's property. The effect of the amendment was to correct the name of a party already in court and not to substitute for defendant a new party. We think that the court was in the proper exercise of its power and discretion in denying appellant's motion

and in granting leave to amend. We cite the following cases in support of this conclusion which are but a few of the many decisions dealing with amendments of process where the right person is sued by a wrong name. Stocker v. Dobyns-Lantz Hardware Co., 101 Okl. 133, 224 P. 302; Maloney v. Callahan, 127 Ohio St. 387, 188 N.E. 656; Mauldin v. Stogner, 75 Ga.App. 663, 44 S.E.2d 274; Morse v. Barrows, 37 Minn. 239, 33 N.W. 706; Welch v. Hull, 73 Mich. 47, 40 N.W. 797; Clemmens v. Washington Park Steamboat Co., C.C., 171 F. 168.

The order appealed from is affirmed.

All the Judges concur.