Lester PEARSON, Clara Pearson and
Harold Pearson, Plaintiffs
and Appellees,

v.

Everett PEARSON, Defendant
and Appellant,

and

Nancy Painter, James Pearson, Marilyn
Pearson, Kathryn V. Pearson, and Sioux
Falls Production Credit Association, De-
fendants.

No. 13206.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Nov. 4, 1981.

Wilson M. Kleibacker, Jr., of Lammers,
Lammers, Kleibacker & Casey, Madison, for
plaintiffs and appellees.

John P. Abbott of Abbott & Abbott,
Brandon, for defendant and appellant; Ca-
ryl H. Abbott, Brandon, on the brief.

WOLLMAN, Chief Justice.

This is an appeal from an amended judg-
ment in a partition action. We affirm.

Henning Pearson, the father of appellees
Lester and Harold Pearson and appellant,
Everett Pearson, died on December 2, 1968.
Thereafter, Everett Pearson was appointed
administrator with will annexed of his fa-
ther's estate. Controversy arose among the
brothers concerning Everett's final account
and petition for distribution, culminating in
an order dated December 20, 1971, revoking
Everett's letters of administration, dis-
charging him as administrator, and appoint-
ing a new administrator. On June 7, 1972,
the district county court entered an order
relating to Everett's final report that de-
creed, among other things, that Everett
was indebted to the estate in the amount of
$3,648.80 for rental of real estate belonging
to the estate for the years 1969, 1970, and
1971.

On June 23, 1975, the circuit court[1] en-
tered a final decree providing in part that

---

1. Pursuant to court reorganization following
the adoption of Article V of the state constitu-
tion at the November 1972 general election, all
cases pending in the district county courts

in addition to the rental owed the estate for 1969, 1970, and 1971, Everett was further indebted to the estate in the amount of $1,350 for rent for 1972 and 1973. The decree also provided that Everett owed Lester and Harold each the sum of $177.70 as rent for the year 1974. No appeal was taken from either the June 1972 order or the final decree.[2]

In January of 1976 Lester and Harold commenced a partition action regarding the interest in the real estate that they and Everett had inherited from their father's estate. On May 22, 1980, the circuit court entered findings that, based upon the 1972 order and the 1975 decree, Everett did indeed owe his father's estate the $3,648.80 and the $1,350 found due and owing by those earlier adjudications. The trial court further found that Everett owed Lester and Harold each the sum of $177.70 for 1974 rent for the use of certain of the estate property. An amended judgment creating a lien upon Everett's share of the partitioned property was entered on June 12, 1980. It is from this amended judgment that Everett appeals.

Everett contends that because he was never served with a summons in the estate proceedings the district county court was without jurisdiction to adjudge him to be indebted to the estate and to his brothers. He argues that the circuit court's judgment must also necessarily be held to be invalid to the extent that it was based upon the district county court's order and the circuit court's decree. We do not agree.

■ We recently reaffirmed the long-standing rule that the failure to issue, file, or serve a summons deprives a court of jurisdiction. *Deno v. Oveson*, 307 N.W.2d 862 (S.D.1981). That rule is not controlling in the instant case, however, for this Court has held that a court having jurisdiction over the administration of an estate is vested with the authority to determine the amount of indebtedness due from an heir to

an estate and to deduct that amount from the heir's distributive share.

In the process of administration it is entirely just and equitable that any indebtedness due from an heir to the estate should first be deducted from any distributive share to which he might otherwise be entitled, and that, in reality, he is only entitled on any principle of justice or equity to whatever balance there may be in his distributive share after deducting therefrom whatever he owes to the estate.

. . . .

. . . Rev. Code 1919, § 3470, [now SDCL 30–23–21] provides that the county court in making a decree of distribution must name the persons and the proportions or parts of the estate to which each shall be entitled. In order to ascertain the part to which a distributee is entitled, the county court can inquire into and determine the indebtedness of the distributee to the estate and order the deduction of the same from his share.

*In re Hornstra's Estate*, 55 S.D. 513, 520–21, 226 N.W. 740, 744 (1929). We followed, if indeed we did not expand upon, this holding in *In re Estate of Grimes*, 87 S.D. 187, 204 N.W.2d 812 (1973). Accordingly, we hold that the determination of the amount of indebtedness due the estate from Everett for the rental payments for the years in question was within the jurisdiction of the district county court and the circuit court. Accordingly, those unappealed-from determinations formed a valid basis for the circuit court's judgment in the partition action.

■ We need not resolve the question whether the courts that adjudicated the personal indebtedness of Everett to his brothers had jurisdiction to do so inasmuch as the circuit court in the partition action (concerning which there is no question regarding the service of process upon Everett) made a separate and specific finding

---

were transferred to the circuit courts on January 7, 1975, and the district county courts ceased to exist as of that date. See 1973 S.D. Sess. Laws ch. 130.

2. This is only a very brief summary of what was a protracted, hotly contested dispute among the brothers concerning their respective shares of the estate.

that Everett owed Lester and Harold each the sum of $177.70. Because appellant deemed it unnecessary to order a transcript of the testimony in the partition action, we do not know the basis of the trial court's finding on this issue. As we said in *Custer County Bd. of Ed. v. State Com'n on E. & S. Ed.*, 86 S.D. 215, 220, 193 N.W.2d 586, 589 (1972):

> The rulings, decisions and judgments of a trial court are presumptively correct, and it is not the duty of an appellate court to seek reasons to reverse. The burden is on the party alleging error to show it affirmatively by the record (footnote omitted).

The judgment is affirmed.

All the Justices concur.