### In the Matter of the Alleged Mental Illness of Joan GILLESPI/Jane Doe.

### No. 15254.

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1986.

Decided Dec. 17, 1986.

---

Mary G. Keller, Beadle County State's Atty., Huron, for appellant Beadle County.

Robert L. Chavis, Yankton, for appellee.

MILLER, Circuit Judge.

This is an appeal from an order directing the Beadle County Treasurer to pay attorney fees on behalf of an indigent person committed to the State Human Services Center. We reverse on jurisdictional grounds.

On September 27, 1985, Joan Gillespi/Jane Doe was committed to the South Dakota Human Services Center in Yankton County, South Dakota pursuant to emergency commitment proceedings held in Beadle County. SDCL 27A–10. On September 30, 1985, attorney Robert L. Chavis (Chavis) was appointed to represent her in regular commitment proceedings held in Yankton County. At this commitment proceeding it was determined, among other things, that Ms. Gillespi was a resident of Beadle County.[1] Beadle County claimed that she was a transient or a nonresident of Beadle County. She was regularly committed for treatment at the Human Services Center for a period not to exceed one year, with a ninety day review.

On October 7, 1985, Chavis submitted a voucher for payment of his attorney fees to the trial court. The court ordered the Beadle County Treasurer to pay Chavis $126 for his representation. Beadle County refused to pay Chavis' attorney fees.[2]

On November 18, 1985, Chavis presented a motion to the trial court seeking an order holding the Beadle County Treasurer in contempt of court for failure to pay his fees. On that date the trial court issued an order directing the Beadle County Treasurer to appear in Yankton, South Dakota on December 16, 1985, to show cause why the relief requested by Chavis should not be granted. The motion and order to show cause were mailed to the Beadle County State's Attorney. These documents were never personally served on the Beadle County Treasurer or a Beadle County Commissioner as required by SDCL 15–6–4(d)(4)(i).

The Beadle County State's Attorney filed a motion to dismiss on jurisdictional grounds and a motion for change of venue. Further, the Beadle County State's Attorney and Treasurer appeared *specially* before the trial court and raised these issues prior to addressing the merits. The trial court denied the motions, and, after hearing the merits, entered an order directing payment of the attorney fees. In its order the court did not make any specific determination of contempt.

Even though we agree with the trial court that Yankton County was the appropriate venue to enforce its own order, the order directing payment of attorney fees must be set aside because of the trial court's lack of jurisdiction over Beadle County or the Beadle County Treasurer. Mailing the motion and order to show cause to the Beadle County State's Attorney was insufficient. Admittedly, the state's attorney is counsel for all county officials. SDCL 7–16–9. Service of the appropriate motions and pleadings contemplated by SDCL 15–6–5 could certainly be made upon the state's attorney once Beadle County is a party. However, SDCL 15–6–5(b) specifically states that "The provisions of § 15–6–5 shall not apply to the service of a

---

1. The record does not contain the original commitment proceedings held in early October 1985. However, the settled record does contain findings and order dated October 18, 1985, indicating it was entered on rehearing.

2. Although not part of the settled record, attached to Chavis' brief is a copy of a letter from the Beadle County Auditor denying the claim on the grounds that Ms. Gillespi was not a resident there.

summons or other process *or of any paper to bring a party into contempt.*" (emphasis supplied)

In order for the trial court to have jurisdiction in these contempt proceedings, personal service upon Beadle County and the Beadle County Treasurer under the provisions of SDCL 15–6–4(d)(4)(i) was mandatory. Because this service is absent, jurisdiction is totally lacking.

This court is mindful of the serious, compelling, central issue that Chavis would like addressed; this court, however, may only address those issues which are properly presented through appropriate procedural steps.

Reversed.

WUEST, C.J., MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs specially.

MILLER, Cir.J., for FOSHEIM, J., disqualified. (Prior to his appointment as a Supreme Court Justice, Robert A. Miller was appointed in his capacity as a circuit court judge to serve in the place of Justice Fosheim in this matter, and the record will reflect that he participated as a circuit court judge.)

HENDERSON, Justice (concurring specially).

Since I began, as a neophyte in the law, some 35 years ago, I was always under the impression, and still believe it to be the law, that an order to show cause is an ancillary proceeding and cannot spontaneously erupt, absent express statutory authorization, without a principal proceeding in existence. *See* 60 C.J.S. *Motions and Orders* § 20 (1969 and Supp.1986) (and authorities cited therein); 56 Am.Jur.2d *Motions, Rules, and Orders* § 34 (1971). Here, we have a child, in effect, the order to show cause, but there is no mother, namely a lawsuit from which the order to show cause was birthed. Ancillary is "aiding"; it is "attendant upon"; it is "describing a proceeding attendant upon or which aids another proceeding considered as principal." It is "auxiliary or subordinate." *See Black's Law Dictionary* 78 (5th ed. 1979).

In reviewing the record in this case, there is no summons and complaint. There is no lawsuit. Beadle County has never been sued.

If there is no statutory exception, and there is not, the summons is a jurisdictional requirement. *Black v. Circuit Court of Eighth Jud. Circuit*, 78 S.D. 302, 101 N.W.2d 520 (1960); *Ayers, Weatherwax & Reid Co. v. Sundback*, 5 S.D. 31, 58 N.W. 4 (1894). *See Fischer v. Iowa Mold Tooling Co., Inc.*, 690 F.2d 155 (8th Cir.1982). Where there has been a failure to issue or file or serve a summons, the court has no jurisdiction. *Pearson v. Pearson*, 312 N.W.2d 34 (S.D.1981); *Deno v. Oveson*, 307 N.W.2d 862 (S.D.1981). There is no way, procedurally, that simply mailing a copy of an order to show cause, to a state's attorney, and that is the fact here, constitutes service on a county or any of its officers. The reason is, there was no lawsuit in existence upon which to predicate the order to show cause. Additionally, the requirement is patent that personal service be made upon a party to try to hold him in contempt. *Thomerson v. Thomerson*, 387 N.W.2d 509 (S.D.1986); *Karras v. Gannon*, 345 N.W.2d 854 (S.D.1984) (both citing *Krueger v. Krueger*, 32 S.D. 470, 143 N.W. 368 (1913)). *See* SDCL 15–6–5(b).

Therefore, the right and power of the lower court to adjudicate concerning the subject matter never came into existence because the proceeding was, inceptually, fatally flawed.