2000 SD 34

**Daron WHITE EAGLE, as Special Administrator for the Estate of Darrell Thomas White Eagle, deceased, Plaintiff and Appellee,**

v.

**CITY OF FORT PIERRE, South Dakota, A Political Subdivision, as Employer and Entity, and Kevin Steever, in his capacity As Chief of Police of Fort Pierre, Jointly and Severally and in Their Individual Capacities, Defendants and Appellants.**

No. 20891.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1999.

Decided March 8, 2000.

Robin L. Zephier of Abourezk Law Firm, Rapid City, South Dakota, Attorneys for plaintiff and appellee.

Karla L. Engle and Thomas H. Harmon of Tieszen Law Office, Pierre, South Dakota, Attorneys for defendants and appellants.

STEELE, Circuit Judge.

[¶ 1.] The trial court denied City of Fort Pierre's (City) amended motion to dismiss, concluding that service of process on City was effective because there was substantial compliance with the requirements of SDCL 15–6–4(d). This Court granted City's petition for allowance of an intermediate appeal. We reverse.

## FACTS

[¶ 2.] Darrell Thomas White Eagle died on or about June 26, 1995. Daron White Eagle, (White Eagle) as Special Administrator for his father's estate, filed a summons and complaint in circuit court dated June 19, 1997. The complaint named as defendants City, Kevin Steever in his official capacity as City's chief of police, and Steever individually. White Eagle alleged that Steever and City negligently or intentionally caused the injury and death of decedent. White Eagle further alleged a cause of action pursuant to 42 USC 1983, due to purported violations of the Fourth, Eighth and Fourteenth Amendments by City. Finally, White Eagle asserted entitlement to punitive damages.

[¶ 3.] The summons, dated June 19, 1997, was served upon Mary Ellen Garrett, City's finance officer, on June 24, 1997. On July 18, 1997, City filed a motion to dismiss on the grounds of improper service of process and expiration of the statute of limitations period. City argued that as a first class municipality, service could be made only by serving the mayor or any alderman, and that none of those officials were served within the permitted period. The trial court denied City's motion. It

determined there was substantial compliance with the statutory requirement concerning the service of process. City appeals.

## STANDARD OF REVIEW

[¶ 4.] " 'Our standard of review of a trial court's grant or denial of a motion to dismiss is the same as the review of a motion for summary judgment—is the pleader entitled to judgment as a matter of law?' " *Risse v. Meeks*, 1998 SD 112, ¶ 10, 585 N.W.2d 875, 876 (quoting *Estate of Billings v. Deadwood Congregation of Jehovah Witnesses*, 506 N.W.2d 138, 140 (S.D.1993)). "This Court reviews challenges to court jurisdiction de novo." *Id.* (citing *State v. Vandermay*, 478 N.W.2d 289, 290 (S.D.1991)).

## ANALYSIS

[¶ 5.] While several issues were raised on appeal, matters not determined by the trial court are not appropriate for appellate review. *See Schull Construction Co. v. Koenig*, 80 S.D. 224, 229, 121 N.W.2d 559, 561 (1963). Therefore, we limit our decision to determining if the trial court erred in finding that service of process upon City's finance officer constituted substantial compliance with SDCL 15–6–4(d).

[¶ 6.] In *Wagner v. Truesdell*, 1998 SD 9, ¶ 9, 574 N.W.2d 627, 629, we adopted the substantial compliance doctrine stating, "actual notice coupled with substantial compliance is sufficient to satisfy personal service of process requirements[.]" We have defined substantial compliance as follows:

"Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*State v. Bunnell*, 324 N.W.2d 418, 420 (S.D.1982) (internal citations and quotations omitted); *see also Larson v. Hazeltine*, 1996 SD 100, 552 N.W.2d 830, 835, *Rans v. State*, 390 N.W.2d 64 (S.D. 1986).

*Id.*, 1998 SD 9 at ¶ 7, 574 N.W.2d at 629.

[¶ 7.] We have also stated that the purpose of service of process is to " 'advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named and make such defense as he has[.]' " *Hartley v. Jerry's Radio & Electric Shop*, 74 S.D. 87, 90, 48 N.W.2d 925, 927 (1951)(quoting Freeman on Judgments, 5th ed. § 341). In order to ensure that a municipality defendant has been advised that an action or proceeding has been commenced against it, and to warn it to appear within a time and at a place named and make its defense, the South Dakota Legislature enacted 15–6–4(d) which states, in part:

The summons shall be served by delivering a copy thereof. Service in the following manner shall constitute personal service:

(4) If the action be against a public corporation within this state, service may be made as follows:

(ii) Upon a first or second class municipality, by serving upon the mayor or any alderman or commissioner.

[¶ 8.] White Eagle argues that the trial court correctly found substantial com-

pliance under the delineated test because City's finance officer was a city agent appointed to receive legal documents.[1] He further claims the language of SDCL 15–6–4(d) is discretionary rather than mandatory because of the use of the term "may" rather than "shall" in the first sentence of subsection 4 of the statute. In sum, White Eagle asserts that the trial court correctly found the statute has been followed sufficiently so as to carry out the intent for which it was adopted, i.e. advising City of impending action and warning City to appear and defend. We disagree.

[¶ 9.] In *Matter of Gillespi,* 397 N.W.2d 476 (S.D.1986), a motion and order to show cause were mailed to the Beadle County State's Attorney. These documents were never personally served on the Beadle County Treasurer or a Beadle County Commissioner as required by SDCL 15–6–4(d)(4)(i). We held that "in order for the trial court to have jurisdiction in these contempt proceedings, personal service upon Beadle County and the Beadle County Treasurer under the provisions of SDCL 15–6–4(d)(4)(i) was mandatory. Because this service is absent, jurisdiction is totally lacking." *Gillespi,* 397 N.W.2d at 478.

[¶ 10.] Although *Gillespi* was decided twelve years before our adoption of the doctrine of substantial compliance, the case is instructive on two points.

[¶ 11.] First, *Gillespi* negates White Eagle's argument that the language of SDCL 15–6–4(d)(4) is discretionary as opposed to mandatory. The *Gillespi* court held "personal service upon Beadle County and the Beadle County Treasurer under the provisions of SDCL 15–6–4(d)(4)(i) was mandatory," not discretionary. 397 N.W.2d at 478. Although the statute uses

the word "may" rather than "shall," *Gillespi* clearly established that the statutory list of serviceable parties is exhaustive.

[¶ 12.] Second, *Gillespi* negates White Eagle's contention that City's finance officer is an agent for service of process upon the municipality. *Gillespi* states:

> Mailing the motion and order to show cause to the Beadle County State's Attorney was insufficient. Admittedly, the state's attorney is counsel for all county officials. SDCL 7–16–9. Service of the appropriate motions and pleadings contemplated by SDCL 15–6–5 could certainly be made upon the state's attorney once Beadle County is a party.

\* \* \*

> In order for the trial court to have jurisdiction in these contempt proceedings, personal service upon Beadle County and the Beadle County Treasurer under the provisions of SDCL 15–6–4(d)(4)(i) was mandatory. Because this service is absent, jurisdiction is totally lacking.

*Gillespi,* 397 N.W.2d at 477, 478. Likewise, while City's finance officer may have been the appropriate party with whom to file for a notice of claim of injury or death, SDCL 15–6–4(d)(4) mandates service be made upon the mayor or any alderman or commissioner. Absent such a service, jurisdiction is totally lacking.

[¶ 13.] The *Wagner* case which adopted "substantial compliance" doctrine is factually distinguishable from this case. In *Wagner,* service was made at the home of the defendant, but was not personally served to that defendant. *Wagner,* 1998 SD 9 at ¶ 11, 574 N.W.2d at 630. Rather, service was made to the caretaker of the defendant who although not an adjudicated

---

**1.** This claim comes from the fact that City's finance officer received White Eagle's notice of claim of injury or death which was mailed to her on November 30, 1995. It is also apparent that White Eagle relied on this prior filing in determining the finance officer was the proper office to serve process.

incompetent, was considered to be incompetent.[2] We found substantial compliance because,

> To follow the strict reading of SDCL 15–6–4(d)(10) urged by Truesdell would be an absurdity. The constable could have handed the papers to Truesdell and then Richmond would have immediately taken them away from Truesdell to give to Truesdell's attorney. There logically is no need in this case for that "middle-person" step to fulfill the purpose of SDCL 15–6–4(d)(10).

*Wagner*, 1998 SD 9 at ¶ 11, 574 N.W.2d at 630.

[¶ 14.] In this case, there was no showing that the mayor or any one of the six common council members could not have been conveniently or timely served. SDCL 15–6–4(d) clearly delineates those that may be served in order for a court to obtain jurisdiction. Absent such service, there is not actual compliance with respect to the substance essential to every reasonable objective of the statute. Under the facts of this case the statute has not been followed sufficiently to carry out the intent for which it was adopted. We therefore decline to apply the substantial compliance doctrine Indeed, an extension of the doctrine under these facts would ultimately serve to eradicate service of process statutes.

[¶ 15.] We reverse and remand for further proceedings consistent with this opinion.

---

**2.** The defendant suffered from Alzheimers. A good friend of the family was taking care of him while his wife was out of town. We found substantial compliance in this case,

[¶ 16.] AMUNDSON, and KONENKAMP, Justices, concur.

[¶ 17.] SABERS, and GILBERTSON, Justices, concur in result.

[¶ 18.] STEELE, Circuit Judge, for MILLER, Chief Justice, disqualified.

GILBERTSON, Justice (concurring in result).

[¶ 19.] I would reverse the circuit court based on *Matter of Gillespi*, 397 N.W.2d 476 (S.D.1986). As *Gillespi* concludes, absent the following of service requirements created by our rules of civil procedure, "jurisdiction is totally lacking." 397 N.W.2d at 478.

[¶ 20.] I cannot join the majority opinion as it continues to adhere to the doctrine of substantial compliance although admittedly it is not found to exist in this case. For the reasons set forth in my concurrence in result in *Wagner v. Truesdell*, 1998 SD 9, ¶ 17, 574 N.W.2d 627, 630 (Gilbertson, J., concurring in result), "[a]n advocacy of the doctrine of substantial compliance finds absolutely no support in our statutes concerning service of process."

[¶ 21.] SABERS, Justice, joins this special writing.

---

asking, "what more could have [been] done?" *Wagner*, 1998 SD 9 at ¶ 9, 574 N.W.2d at 630.