#25845-a-GAS

**2011 S.D. 87**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

R.B.O., J.H.C., N.T.H., L.M.,
L.Z., K.T., J.J., and B.S.,                          Plaintiffs and Appellees,

    v.

(The) CONGREGATION OF THE PRIESTS
OF THE SACRED HEART, INC.,                    Defendant and Appellant,

    and

THE CATHOLIC DIOCESE OF SIOUX FALLS;
PRIESTS OF THE SACRED HEART; BROTHER
RUSS; FATHER WILLIAM PITCAVAGE, S.C.J.;
BROTHER DAVE; BROTHER BILL; AND
DEACON MARION QUAGLIARIELLO,
S.C.J.; FATHER THOMAS LIND, S.C.J.;
BROTHER MATTHEW L. MILES,                    Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BRADLEY G. ZELL
Judge

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 3, 2011

OPINION FILED **12/14/11**

MICHAEL SHUBECK
Law Offices of Gregory A. Yates
Rapid City, South Dakota

and

REBECCA RHOADES of
Manly & Stewart
Newport Beach, California

Attorneys for plaintiffs
and appellees.


RICHARD W. ORR
TIMOTHY M. GEBHART of
Davenport, Evans, Hurwitz &
  Smith, L.L.P.
Sioux Falls, South Dakota

and

STEVEN R. SMITH of
Andera & Smith
Chamberlain, South Dakota

Attorneys for defendant
and appellant.

#25845

SEVERSON, Justice

[¶1.]     Former students of a parochial school brought an action against the Congregation of the Priests of the Sacred Heart, Inc. (PSHI) and other defendants, asserting claims of childhood sexual abuse.  PSHI filed a motion to dismiss the action on the grounds that the former students failed to timely serve process on PSHI in accordance with South Dakota law.  The circuit court denied PSHI's motion to dismiss, finding that the former students substantially complied with the applicable service-of-process statute.  The circuit court also found service of process on PSHI was valid under SDCL 15-2-31.  We affirm.

## BACKGROUND

[¶2.]     R.B.O., J.H.C., N.T.H., L.M., L.Z., K.T., J.J. and B.S. (Plaintiffs) are members of a recognized Native American tribe who attended St. Joseph's Indian Mission School (St. Joseph's) when they were minors.  St. Joseph's is located on the Lower Brule Indian Reservation in South Dakota.  While they attended St. Joseph's, Plaintiffs allege that employees or agents of the school sexually molested and assaulted them.  Plaintiffs claim that St. Joseph's was operated by PSHI at the time of the alleged abuse.

[¶3.]     On June 28, 2010, Plaintiffs delivered a summons to the Brule County Sheriff's Office with the intent that it be served on PSHI.  On June 29, 2010, the Brule County Sheriff served a copy of the summons on Mike Tyrell, the Executive Director of Child Services at St. Joseph's.  Tyrell is not the registered agent of PSHI and does not hold any office in PSHI.

- 1 -

[¶4.] During the 2010 Legislative Session, the South Dakota Legislature amended the applicable statute of limitations in civil actions for childhood sexual abuse. The amended statute went into effect July 1, 2010. It provides that "no person who has reached the age of forty years may recover damages from any person or entity other than the person who perpetrated the actual act of sexual abuse." SDCL 26-10-25.

[¶5.] On July 16, 2010, PSHI filed a motion to dismiss, alleging service of process on Tyrell was insufficient. Plaintiffs then delivered another summons and complaint to a private process server in Rapid City. On July 26, 2010, the private process server served Father Huffstetter, the President of PSHI and one of its directors.

[¶6.] In an order entered December 20, 2010, the circuit court denied PSHI's motion to dismiss. The circuit court found that the June 29, 2010 service on Tyrell substantially complied with SDCL 15-6-4(d)(1), South Dakota's statute governing the requirements for personal service on a business entity. The circuit court further held that service of process on PSHI was in compliance with SDCL 15-2-31.

## STANDARD OF REVIEW

[¶7.] "[W]hen a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper." *Grajczyk v. Tasca*, 2006 S.D. 55, ¶ 22, 717 N.W.2d 624, 631 (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.,* 51 F.3d 1383, 1387 (8th Cir. 1995)). We review a circuit court's determination

regarding whether a plaintiff presented a prima facie case of sufficient service de novo, giving no deference to the circuit court's legal conclusions. *Id.* (citing *Northrup King Co.,* 51 F.3d at 1387).

## DISCUSSION

[¶8.] **1.** **Whether the circuit court erred when it determined that service on PSHI was valid under South Dakota Law.**

[¶9.] SDCL 15-6-4(d)(1) governs the requirements for personal service of process on a business entity. The statute requires that the summons be delivered to the following individuals:

> the president, partner or other head of the entity, officer, director, or registered agent thereof. If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office . . . .

SDCL 15-6-4(d)(1). Although SDCL 15-6-4(d)(1) uses the word "may," instead of "shall," compliance with the statute is not discretionary. *White Eagle v. City of Fort Pierre*, 2000 S.D. 34, ¶¶ 9-11, 606 N.W.2d 926, 929 (citing *Matter of Gillespi*, 397 N.W.2d 476, 478 (S.D. 1986)). "[T]he statutory list of serviceable parties is exhaustive." *Id.* ¶ 11 (citing *Gillespi*, 397 N.W.2d at 478).

[¶10.] Because Tyrell signed an interrogatory answer in his capacity as Executive Director of Child Services at St. Joseph's, the circuit court concluded Tyrell was an agent of PSHI that was authorized to receive service of process on behalf of the company. Yet SDCL 15-6-4(d)(1) does not authorize service on an agent of a business entity. The statute only authorizes service on the entity's *registered agent*. Tyrell is not the registered agent of PSHI. He also is not "the president, partner or other head of [PSHI]" and he does not hold a position as an

officer or director of PSHI. Thus, Tyrell is not one of the parties authorized to receive service of process under the first sentence of SDCL 15-6-4(d)(1).[1]

[¶11.]     SDCL 15-6-4(d)(1) permits service on a "person in charge" of any office of the entity if the listed parties in the first sentence of the statute cannot be "conveniently found." Plaintiffs argue that Tyrell was a "person in charge" of an office of PSHI. But in making this argument, Plaintiffs present no evidence that the individuals authorized to receive process under the first sentence of SDCL 15-6-4(d)(1) could not be conveniently found. In fact, there is not even a pro forma recitation to that effect in the return of service. By failing to present evidence that these parties could not be conveniently found, the Plaintiffs have failed to comply with the statutory requirements for effectuating service on a business entity.

*Substantial Compliance*

[¶12.]     Plaintiffs argue service of process in this case was effective because there was substantial compliance with the personal service mandates of SDCL 15-6-4(d)(1). In *Wagner v. Truesdell*, we recognized that "actual notice coupled with substantial compliance is sufficient to satisfy personal service of process requirements . . . ." 1998 S.D. 9, ¶ 9, 574 N.W.2d 627, 629. Substantial compliance is defined as follows:

> "Substantial compliance" with a statute means actual compliance in respect to the substance essential to every

---

1.     PSHI concedes that had Tyrell been an executive of PSHI, service of process may have been proper. That is because one of the individuals designated to be served under the first sentence of SDCL 15-6-4(d)(1) is the "head of the entity." But there is no allegation that Tyrell was "the president, partner or other head of the entity, officer, director, or registered agent thereof." SDCL 15-6-4(d)(1).

> reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Id.* ¶ 7 (quoting *State v. Bunnell*, 324 N.W.2d 418, 420 (S.D. 1982)).

[¶13.]     We have held that "the purpose of service of process is to 'advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named and make such defense as he has.'" *Id.* ¶ 8 (quoting *Hartley v. Jerry's Radio & Elec. Shop*, 74 S.D. 87, 90, 48 N.W.2d 925, 927 (1951)). Although one purpose of SDCL 15-6-4(d) is to provide notice to a defendant that an action or proceeding has been commenced against him, we have emphasized notice alone is not sufficient. *Id.* ¶ 9. "Actual notice will not subject defendants to personal jurisdiction absent *substantial compliance* with [the governing service-of-process statute]." *Id.* (quoting *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988)).

[¶14.]     In *Wagner*, the applicable service-of-process statute was SDCL 15-6-4(d)(10), which requires the plaintiff to serve the defendant personally. *Id.* ¶ 6. The defendant in *Wagner* suffered from Alzheimer's Disease and was unable to manage his own personal or business affairs. *Id.* ¶ 3. Service was made on a caretaker who was living with the defendant. *Id.* ¶ 4. Service was not made on the defendant personally. *Id.* Nonetheless, after considering "the realities" of the case, we held that a strict reading of SDCL 15-6-4(d)(10) "would be an absurdity." *Id.* ¶ 10. We noted that even if service had been made on the defendant, the caretaker

would have immediately taken the papers away from the defendant to give to the defendant's attorney. *Id.* We concluded, "[t]here logically is no need in this case for that 'middle-person' step to fulfill the purpose of SDCL 15-6-4(d)(10)." *Id.*

[¶15.]     The unique circumstances of *Wagner* that warranted the application of the substantial compliance doctrine are not present in this case. SDCL 15-6-4(d)(1) plainly states that service on a "person in charge" of any office of the entity is only permitted if the parties listed in the first sentence of the statute cannot be "conveniently found." Despite the plain language of SDCL 15-6-4(d)(1), Plaintiffs made no showing that these individuals could not be conveniently found.

[¶16.]     In *White Eagle*, the plaintiff attempted to commence an action against the City of Fort Pierre by serving the city's financial officer instead of the "mayor or any alderman or commissioner" as expressly required by SDCL 15-6-4(d)(4). 2000 S.D. 34, ¶ 3, 606 N.W.2d at 927. The circuit court determined that the plaintiff substantially complied with SDCL 15-6-4(d)(4) and denied the city's motion to dismiss for ineffective service of process. *Id.* On appeal, we declined to apply the substantial compliance doctrine and held that the service of process was insufficient. *Id.* ¶ 14. In so holding, we noted,

> there was no showing that the mayor or any one of the six common council members could not have been conveniently or timely served. SDCL 15-6-4(d) clearly delineates those that may be served in order for a court to obtain jurisdiction. Absent such service, there is not actual compliance with respect to the substance essential to every reasonable objective of the statute. Under the facts of this case the statute has not been followed sufficiently to carry out the intent for which it was adopted. We therefore decline to apply the substantial compliance doctrine[.] Indeed, an extension of the doctrine under these facts would ultimately serve to eradicate service of process statutes.

*Id.*

[¶17.] In this case, Plaintiffs did not show that the individuals authorized to receive process under the first sentence of SDCL 15-6-4(d)(1) could not be conveniently found. Plaintiffs thus failed to comply with the provisions of the statute "sufficiently to carry out the intent for which it was adopted." *Id.* The Plaintiffs cannot utilize the substantial compliance doctrine as a substitute for the express notice requirements of SDCL 15-6-4(d)(1). To hold otherwise would render the statute meaningless. Accordingly, we decline to apply the substantial compliance doctrine to the facts of this case.

[¶18.] **2. Whether the circuit court erred in holding that service on Father Huffstetter related back under SDCL 15-2-31.**

[¶19.] The circuit court found that even if Plaintiffs' initial service on Tyrell was insufficient, Plaintiffs' subsequent service on Father Huffstetter on July 26, 2010 is effective under SDCL 15-2-31. The statute provides:

> An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

SDCL 15-2-31.

[¶20.] When a summons is delivered to the sheriff or other authorized officer with the intent that it be served on the defendant, SDCL 15-2-31 effectively extends the time for service 60 days. *Meisel v. Piggly Wiggly Corp.*, 418 N.W.2d

- 7 -

321, 323 (S.D. 1988)). In this case, Plaintiffs timely delivered a copy of the summons to the sheriff of the appropriate county, intending that the summons be served on PSHI. The sheriff then served Tyrell, an individual who is not authorized to receive service on behalf of PSHI. Because Plaintiffs failed to comply with the applicable statutory requirements for service of process on a business entity, this initial attempt at service on Tyrell was ineffective. However, under SDCL 15-2-31, Plaintiffs had 60 days to complete service on PSHI. Within the 60-day extension period, Plaintiffs served the president of PSHI through a private process server on July 26, 2010.

[¶21.] PSHI contends that personal service by a process server during the 60-day extension period is insufficient under SDCL 15-2-31. In support of its argument, PSHI cites the rule of statutory construction known as the doctrine of the last antecedent. The rule provides that "a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." *State Auto Ins. Cos. v. B.N.C.*, 2005 S.D. 89, ¶ 17, 702 N.W.2d 379, 385 (quoting *Estate of Fisher v. Fisher*, 2002 S.D. 62, ¶ 13, 645 N.W.2d 841, 845). PSHI argues that the last sentence of SDCL 15-2-31 modifies the balance of the statute by placing a time limit on when actual service of "the summons" must occur. PSHI contends that SDCL 15-2-31 allows for just two methods of service during the 60-day limitation period. If the defendant to be served is located within the county, the sheriff must effectuate service. If the sheriff cannot locate the person, then notice by publication must take place. PSHI

contends that service by a private process server is not among the two alternative methods of service allowed under SDCL 15-2-31.

[¶22.]        PSHI's application of the doctrine of the last antecedent is misplaced. We have repeatedly stated that when the meaning of a statute is clear, we need not resort to statutory construction to interpret the plain language of the statute. *See id.* (declining to apply the doctrine of the last antecedent to interpret a statute when the meaning of the statute could be ascertained without the use of extrinsic aids); *see also State v. Ventiling,* 452 N.W.2d 123 (S.D. 1990) (finding that the meaning of the statute was clear and that the doctrine of the last antecedent "provide[d] no guidance" in interpreting the plain terms of the statute). As we explained in *State Auto Insurance Cos. v. B.N.C.,*

> [s]tatutory construction is an exercise to determine legislative intent. In analyzing statutory language we adhere to two primary rules of statutory construction. The first rule is that the language expressed in the statute is the paramount consideration. The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction. When we must, however, resort to statutory construction, the intent of the legislature is derived from the plain, ordinary and popular meaning of statutory language.

2005 S.D. 89, ¶ 18, 702 N.W.2d at 386 (quoting *State v. Johnson,* 2004 S.D. 135, ¶ 5, 691 N.W.2d 319, 321-22).

[¶23.]        In this case, we can ascertain the plain meaning of SDCL 15-2-31 without extrinsic aids. While the first sentence of the statute provides that the party intending to commence an action must deliver the summons to the sheriff or other officer of the county in which one of the defendants "usually or last resided," it does not require that the sheriff or other officer effectuate service on the

defendant. Likewise, the last sentence of SDCL 15-2-31 imposes a time limit on when actual service must occur. However, the last sentence of the statute does not define those individuals that may effectuate actual service within the 60-day time extension.[2] It only states that an attempt to commence an action "must be followed by the first publication of the summons, or the service thereof, within sixty days." SDCL 15-2-31.

[¶24.]     By its plain terms, SDCL 15-2-31 does not require the sheriff to effectuate actual service on the defendant within the 60-day time extension. We thus hold that under SDCL 15-2-31, a summons that is personally served during the 60-day extension period by a person authorized to serve process under South Dakota law relates back to the date the summons was "delivered, with the intent that it . . . be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided . . . ."

[¶25.]     SDCL 15-6-4(c) is the general statute governing who has authority to serve process under South Dakota law. The statute provides:

> The summons may be served by the sheriff or a constable of the county or other comparable political subdivision where the defendant may be found, or in the District of Columbia by the United States marshal or a deputy, or by any other person not a

---

2.     Plaintiffs note that in *Schebo v. Laderer*, the United States District Court for the District of South Dakota indicated in dicta that SDCL 15-2-31 requires the sheriff to serve the defendant within the 60-day time extension. 720 F. Supp. 146, 148 (D.S.D. 1989). However, the *Schebo* court did not acknowledge that SDCL 15-2-31 expressly authorizes "*publication of the summons*, or the service thereof" within the 60-day extension period. SDCL 15-2-31 (emphasis added). Service by publication would not ordinarily be effectuated by a sheriff or other authorized county officer. We therefore decline to adopt the federal court's interpretation of SDCL 15-2-31.

party to the action who at the time of making such service is an elector of any state.

SDCL 15-6-4(c). As an elector of the state, a private process server has authority to serve process pursuant to SDCL 15-6-4(c).

[¶26.] Plaintiffs delivered a summons to the Brule County Sheriff's Office on June 28, 2010. The Brule County Sheriff served a copy of the summons on Mike Tyrell on June 29, 2010. Although this initial attempt at service was defective, Plaintiffs subsequently served PSHI in accordance with the applicable service-of-process statute on July 26, 2010. Plaintiffs completed service on PSHI within the 60-day extension period set forth under SDCL 15-2-31. Therefore, we hold that the Plaintiffs timely served PSHI in accordance with South Dakota law and the circuit court did not err in denying PSHI's motion to dismiss.

[¶27.] Affirmed.

[¶28.] GILBERTSON, Chief Justice, and ZINTER, Justice, and THORSTENSON, Circuit Court Judge, concur.

[¶29.] THORSTENSON, Circuit Court Judge, sitting for KONENKAMP, Justice, disqualified.

[¶30.] WILBUR, Justice, did not participate.