No. 25372

Darrell Martin v. Denver Juvenile Court, and the Honorable Lester Sherman, sitting for the Honorable Philip B. Gilliam, one of the Judges thereof, and the Honorable Philip B. Gilliam, one of the Judges thereof, and Cynthia M. Whitecalf
(493 P.2d 1093)

Decided February 14, 1972.

Jack F. Smith, for petitioner.

Max P. Zall, City Attorney, Frank A. Elzi, Assistant, Carl R. Mangino, Assistant, Robert A. Powell, Assistant, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

▐▌▌ This is an original proceeding seeking to prohibit the Denver Juvenile Court from proceeding in a paternity action on the ground that the court lacks jurisdiction over the person of petitioner Martin. He is an enrolled member of the Oglala Sioux Indian Tribe and through counsel filed a motion to quash the summons served on him by a South Dakota deputy sheriff on a closed portion of the Pine Ridge Indian Reservation where petitioner resides. In denying petitioner's motion, the juvenile court ruled that because conception was alleged to have occurred off the reservation, petitioner was amenable to service of process by the deputy. We disagree.

C.R.C.P. 4(d), which implements 1965 Perm. Supp., C.R.S. 1963, 37-1-27, reads in part:

"Process may be served:

\* \* \*

(2) At any other place [without the state] by a sheriff, deputy sheriff, constable, deputy constable, bailiff, deputy bailiff, or other officer having like powers and duties of the political subdivision in which the service is made or an officer authorized by the laws of this state to take acknowledgements in such political subdivision to deeds conveying real estate situate in this state or an attorney, counselor at law, solicitor, advocate, barrister duly qualified to practice law in such political subdivision or a person specially commissioned to serve process by the court in which the action is pending." (Emphasis added.)

There is no contention that the process server herein involved was other than a South Dakota deputy sheriff. The only question we are confronted with, therefore, is what authority does a South Dakota deputy sheriff have within the closed portion of a South Dakota Indian reservation.

By virtue of South Dakota Const. Art. XXII, the people of that state ceded jurisdiction over closed reservation land to the Congress of the United States. In *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959), the doctrine of inherent state jurisdiction over Indian reservations was laid to rest, and it was noted that when Congress wished the states to exercise jurisdiction to any degree, it provided for such by legislation. In the absence of "* * * governing Acts of Congress, the question has always been whether state action infringed on the right of reservation Indians to make their own lands and be ruled by them." *Williams v. Lee, supra.*

By virtue of United States Supreme Court decision and Congressional enactment, South Dakota has jurisdiction over crimes committed on a reservation within that state by non-Indians against non-Indians; however, we cannot find nor are we directed to any federal legislation granting state police officers authority over enrolled Indians on the reservation where the cause of action arose off the reservation. *In re High Pine,* 78 S.D. 121, 99 N.W.2d 38 (1959); *Olson v. Shoemaker,* 73 S.D. 120, 39 N.W.2d 524 (1949). We note parenthetically, that Congress has legislated to conditionally permit states "* * * to amend, where necessary, their State constitution or existing statutes, as the case may be, to remove any legal impediment to the assumption of civil and criminal jurisdiction * * * *" [over Indians], but South Dakota has not effectively taken advantage of this grant. 67 Stat. 589; *see Smith v. Temple,* 82 S.D. 650, 152 N.W.2d 547 (1967); *see also In re Hankin's Petition,* 80 S.D. 435, 125 N.W.2d 839 (1964). Thus, in the absence of effective implementation of the Congressional consent to jurisdiction by South Dakota, we conclude that sheriffs and their deputies in that state have no authority within the closed

264

portion of a reservation over enrolled Indians therein.

Service of process not being made by an officer having powers and duties within the Indian territory where Martin was served, the juvenile court lacks jurisdiction over the person of the petitioner.

The rule is made absolute.

MR. JUSTICE ERICKSON not participating.