IN the INTEREST OF M.L.S., a person under the age of 18: M.L.S., Appellant,†

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 89-2348. Submitted on briefs May 1, 1990.—Decided June 5, 1990.*

(Also reported in 458 N.W.2d 541.)

†Petition to review denied.

26

For appellant there were briefs by *Richard M. Lawson,* Wausau.

For respondent there was a brief by *Catharine D. White,* assistant district attorney, Shawano.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J.   M.L.S. appeals a juvenile court order adjudicating her delinquent on allegations of retail theft, disorderly conduct and obstructing an officer. She contends that, based upon her status as an enrolled member of the Menominee Indian tribe, the juvenile court lacked subject matter and personal jurisdiction and that the

[1]Upon the Chief Judge's order, this has been issued as a three-judge opinion pursuant to sec. 809.41(3), Stats.

proceeding was improperly venued. We reject these arguments and affirm the trial court.

M.L.S. was the subject of allegations of retail theft, obstructing an officer and disorderly conduct stemming from an April 21, 1989, incident. A second delinquency petition alleged disorderly conduct. All of these allegations relate to acts occurring off the reservation in the city of Shawano.

The Menominee County Juvenile Court concluded that it had jurisdiction and entered dispositional orders adjudicating M.L.S. delinquent. The court ordered restitution, supervision and a forfeiture. M.L.S. appeals from these orders.

M.L.S. first argues that the juvenile court lacked subject matter jurisdiction because of her status as an enrolled member of the Menominee Indian tribe. She argues that a balancing between tribal and state interests in adjudicating the case is necessary, and that this balancing favors tribal court jurisdiction.

This balancing test is not applicable in the present case because the conduct occurred off-reservation. The off-reservation activities of Indians are subject to nondiscriminatory state laws without regard to tribal interests. *State v. Big John,* 146 Wis. 2d 741, 749, 432 N.W.2d 576, 580 (1988); *Sturdevant v. State,* 76 Wis. 2d 247, 250, 251 N.W.2d 50, 52 (1977). The juvenile code applies to conduct committed in the state by any resident juvenile and is therefore nondiscriminatory. Because M.L.S.'s offenses occurred off-reservation and the applicable statutes are nondiscriminatory, the state has subject matter jurisdiction.

A state's right to regulate the conduct of Indians is abridged, however, if there is federal preemptive legisla-

tion. *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 333 (1983). The rule of *Big John* is inapplicable when there is an express federal law to the contrary. *See Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148–49 (1973). M.L.S. claims that this preemption doctrine applies, citing the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.). The U.C.C.J.A., codified in ch. 822, Stats., is a uniform law, not a federal law. Furthermore, by its own terms, the U.C.C.J.A. is limited to disputes centering on custody and is not applicable to delinquency proceedings, even though such proceedings may implicate custody issues. We are aware of no other federal legislation that affects the state's right to assert jurisdiction over M.L.S. or to venue the proceeding in Menominee County.

M.L.S. also argues that the service of petitions by United States mail on the reservation, pursuant to sec. 48.273, Stats., was insufficient to obtain personal jurisdiction over her. She argues that the Menominee tribe has not shown any consent to service of the petitions by United States mail on the reservation.

■ Service of process is an attempt to apply state law on the reservation. There are two barriers to such applications. Application of state law may be preempted by federal law. *State v. Webster*, 114 Wis. 2d 418, 432, 338 N.W.2d 474, 481 (1983) (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 141 (1980)). There is no federal preemption problem here because the federal government has not acted in the area of personal service. Alternatively, application of state law may infringe upon the rights of Indians to maintain tribal self-government. *Id.* This requires a balancing of tribal interests and state interests. *See Webster*, 114 Wis. 2d at 433, 338 N.W.2d at 481.

Balancing requires this court to consider the effect of applying state service of process law on the Menominee tribe's right to self-government. *See Webster,* 114 Wis. 2d at 434, 338 N.W.2d at 482.[2] While there are service of process procedures in effect for tribal court proceedings, we can find nothing in the record to suggest any Menominee tradition of regulating service of process in cases where the state has jurisdiction. The record does indicate that, in its own tribal proceeding, the Menominee tribe follows state service of process guidelines.

The state has a compelling interest in enforcing its service of process procedures in cases where it has subject matter jurisdiction over a Menominee Indian who is residing on the reservation. The state's interest in regulating off-reservation conduct is closely related to its ability to obtain personal jurisdiction over Menominee Indians who violate the law and then return to the reservation. All state residents, including Menominee Indians, have an interest in the state being able to obtain personal jurisdiction of matters properly before the courts of this state that involve members of the Menominee tribe.

While the state's interest in applying its service of process statutes is compelling, there is little if any effect on tribal sovereignty. After balancing the state's compelling interest against the modest effect the application of the state's service of process statute has on the tribe's interest in self-government, we conclude that the state

---

[2]We note that the Menominee tribe is not governed by Pub. L. 280. *See* 25 U.S.C.A. sec. 903a (1983). We have not engaged in a Pub. L. 280 analysis, nor have we relied on Pub. L. 280 case law in addressing the service of process issue.

must be permitted to obtain personal jurisdiction over a member of the Menominee tribe pursuant to the provisions of the state statute regarding service of process.

M.L.S. also attacks venue, alleging that this action should properly be in the tribal court. To the extent that this argument attacks jurisdiction, it has been previously addressed. Venue is governed by a nondiscriminatory state law, sec. 48.185, Stats. Under sec. 48.185, venue is appropriate in the juvenile's home county. The Menominee County Circuit Court was therefore an appropriate forum for the proceedings.

*By the Court.*—Orders affirmed.