Kent MUELLER and Lynette Mueller, Plaintiffs and Appellees,

v.

Mel ZELMER and Zelmer, Inc., a South Dakota Corporation, Defendants and Appellants.

No. 18555–a.

Supreme Court of South Dakota.

Considered on Briefs on May 26, 1994.

Decided Dec. 7, 1994.

---

* My slang for lack of a better description.

Scott N. Heidepriem of Johnson, Heidepriem, Miner & Marlow, Sioux Falls, for plaintiffs and appellees.

Jeff Masten of Ulmer, Hertz & Bertsch, P.C., Menno, for defendants and appellants.

WUEST, Justice.

Mel Zelmer ("Zelmer") and Zelmer, Inc. appeal from an order denying their motion to vacate a default judgment. We affirm.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ADMISSION OF SERVICE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FACTS

Donita Bolks ("Bolks") is a resident of Minnehaha County who serves papers for lawyers. Johnson, Heidepriem, Miner and Marlow, on behalf of Kent and Lynette Mueller ("Mueller"), had her serve a summons and complaint upon Zelmer and Zelmer, Inc., a South Dakota corporation.

Bolks went to Zelmer's home in Lincoln County. She presented him with the two summons and complaints. Zelmer signed two documents which were captioned "Admission of Service," as follows:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

> \*    PLAINTIFF:    Kent Mueller and
> \*                  Lynette Mueller
> \*
> \*    DEFENDANT:    Mel Zelmer and
> \*                  Zelmer, Inc. a South Dakota
> \*                  Corporation.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SERVICE OF THE ATTACHED:    Summons, complaint

BY RECEIPT OF TRUE AND CORRECT COPIES THEREOF IS ACKNOWLEDGED THIS: 26th DAY OF: June, 19:93 AT: RR 3 Box 190, Sioux Falls

/s/ Mel Zelmer
_____
(RECIPIENT SIGNATURE)

/s/ Donita Bolks
_____
(SERVER SIGNATURE)

Attorney Scott Heidepriem filed an affidavit of default and obtained a default judgment against Zelmer and Zelmer, Inc.

Zelmer filed a motion to vacate the default judgment along with a supporting affidavit, and made a special appearance contesting the court's jurisdiction. This affidavit acknowledged Zelmer was the registered agent for service of process for Zelmer, Inc. Zelmer contended service was ineffective because Bolks was not an elector of Lincoln County. Therefore, there was no personal jurisdiction over Zelmer and Zelmer, Inc. Muellers argue that by signing the admissions of service Zelmer admitted he was, in fact, served and this was sufficient to give the court jurisdiction over both Zelmer and Zelmer, Inc.

The trial court found "the Admission of Service was sufficient to grant jurisdiction as to both Mr. Zelmer and Zelmer, Inc., since it was a signed acknowledgement or admission of the service of the Summons and Complaint." In its order denying the motion to vacate the judgment, the court noted that admissions of service complied with SDCL 15–6–4(g)(3).

## ISSUE

DID THE TRIAL COURT OBTAIN PERSONAL JURISDICTION OVER ZELMER AND ZELMER, INC. TO ENTER A DEFAULT JUDGMENT AGAINST THEM?

Summonses "shall be served by delivering a copy thereof." SDCL 15–6–4(d). SDCL

15–6–4(c) * provided the county's sheriff or deputy, or constable, or a person who is an elector of the county may make service of summonses.

■ Bolks claims to be a "Special Deputy Sheriff" of Minnehaha County. There is no such office. *See* SDCL ch. 7–12. She is simply a resident of Minnehaha County who is employed by Express Attorney Services, a firm that serves documents at the request of lawyers. She was not a party to the action between Mueller and Zelmer. Thus, because she was not a resident of Lincoln County where the documents were to be served, she did not have the authority to serve process in Lincoln County under SDCL 15–6–4(d).

■ Muellers contend Zelmer's signed admissions of service constitute service and are sufficient to grant personal jurisdiction. Zelmer and Zelmer, Inc. contend the admissions of service are nothing more than a receipt, that they were not in the statutory form prescribed by SDCL 15–6–4(j) and, as a result, were ineffective to commence the action and subject them to the court's jurisdiction. That statute has no application to this case, however, as it deals only with the form of notice and admission of service *by mail.*

When there is personal service:

Proof of the service of the summons and complaint or of any pleading, process, or other paper must state the time, place, and manner of such service or of publication and mailing and must be made as follows:

\*     \*     \*     \*     \*     \*

3) The written admission of the party or his representative upon whom service might have been made for such party[.]

SDCL 15–6–4(g)(3). The admissions of service in this case meet these requirements.

Zelmer signed two identical documents entitled "Admission of Service," one to acknowl-edge receipt of the summons and complaint by himself personally and one as agent for Zelmer, Inc. Both stated the time and place at which receipt of the documents was acknowledged, and showed that the summons and complaint had been received from Bolks. These are the requirements of the statute, and Zelmer's signature on the documents constitutes his valid and binding admission of service.

Zelmer contends the admissions of service were insufficient to confer personal jurisdiction because, while he acknowledged receiving the summons and complaint, Bolks, the process server, had no statutory authority to serve a summons in Lincoln County. He argues that, because statutory service requirements are in derogation of common law rights, they must be strictly construed and compliance with them must be exact. *See Nolan v. Nolan,* 490 N.W.2d 517 (S.D.1992). However, Zelmer's argument is misplaced.

This is not a situation where the summons itself fails to meet statutory requirements, or where a summons and complaint were delivered by a person without authority to serve process and the recipient did not admit service. *See Tucker v. Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982) (service of valid process necessary to give court jurisdiction over defendant); *Brown v. State,* 195 Ga.App. 872, 395 S.E.2d 73 (Ga.Ct.App.1990) (fact defendant knows of the action because he may have received a copy of the summons and complaint in connection with an attempted but invalid service where no admission of service exists is not sufficient statutory notice of the action). While Bolks lacked authority to serve the documents, Zelmer was not compelled to admit service of the documents by signing the admissions of service. But, having done so, Zelmer and Zelmer, Inc. are bound by their admissions of service. As

---

* SDCL 15–6–4(c) has since been amended effective July 1, 1994:

The summons may be served by the sheriff or a constable of the county or other comparable political subdivision where the defendant may be found, or in the District of Columbia by the United States marshal or ~~one of his deputies~~ *a deputy,* or by any other person not a party to the action who at the time of making such service is an elector of the ~~county or other~~ ~~comparable political subdivision~~ *state* in which such service is to be made. The service shall be made and the summons returned with proof of the service, with all reasonable diligence, to the plaintiff's attorney, if any, otherwise to the plaintiff. The plaintiff or ~~his~~ *the plaintiff's* attorney may by endorsement on the summons fix a time for the service thereof, and the service shall be made accordingly.

a result, the trial court had personal jurisdiction over Zelmer and Zelmer, Inc., and the power to enter a default judgment against them.

Accordingly, the decision of the trial court is affirmed.

MILLER, C.J., and SABERS, J., concur.

HENDERSON, Retired Justice, and AMUNDSON, J., dissent.

KONENKAMP, J., not having been a member of the Court at the time this case was submitted, did not participate.

HENDERSON, Retired Justice (dissenting).

This case is a civil appeal springing from a denial by the trial court to set aside a default judgment. It is a well known axiom of law that the law abhors defaults. *National Surety Corp. v. Shoemaker,* 86 S.D. 302, 195 N.W.2d 134, 138 (1972). Zelmer should be permitted to defend.

According to two documents, upon which the trial court relied, Donita was a "server;" she was not and could not be as she was a resident of Minnehaha County and not Lincoln County where Zelmer was "served."

Per the affidavit of Attorney Scott Heidepriem, Donita Bolks was a "Special Deputy Sheriff." There is no such office in this state. Therefore, the affidavit was another mistake of law.

As denoted by pages 11–12 of the settled record, no Return of Service was attached to the Affidavit of Default, even though the attorney's affidavit expressed it was "attached hereto and incorporated herein by this reference." Thus, the third error of law. A circuit judge must be shown a "Return of Service" so that he or she knows that there is personal jurisdiction. This is critical. In the affidavit of default, the attorney expressed a "Special Deputy Sheriff" served defendants (not true) "as is more fully set out in the Return of Service which is attached hereto and incorporated herein by this reference" (not true).

When the "Return of Service" did appear, it was captioned "Minnehaha County." Not true. It was in Lincoln County.

The requirement of personal service of a summons is jurisdictional—and our statutes supporting same are to be strictly construed, not liberally construed. *Matter of Gillespie,* 397 N.W.2d 476 (S.D.1986).

If service is defective, a dismissal for want of jurisdiction lies upon motion of a defendant or sua sponte by the court. *Pearson v. Pearson,* 312 N.W.2d 34 (S.D.1981).

Here, counsel for plaintiffs honestly believed that Donita had "served" the defendants. Unequivocally, under oath, counsel so expressed:

I caused a Summons and Complaint to be served by Donita Bolks, a Special Deputy Sheriff upon each of the Defendants on June 26, 1993 as is more fully set out in the Return of Service which is attached hereto and incorporated herein by this reference.

Counsel, at the time of the sworn affidavit, relied upon Donita's status as a "Special Deputy Sheriff" who "served" the defendants. Nothing was expressed about an "Admission of Service" and, thus, not relied upon, to obtain a default judgment.

This service was an ineffectual hybrid. Defendants should have an opportunity to defend on the merits. In my opinion, we are not elevating the quality of law by approving the service of legal documents with this type of procedure. Without valid service of process, the trial court has no jurisdiction to act. *Hartley v. Jerry's Radio & Electric Shop,* 74 S.D. 87, 48 N.W.2d 925 (1951). One may research over 100 years of decisions and find the law has remained the same. No proper service. No jurisdiction. *Ayers, Weatherwax & Reid Co. v. Sundback,* 5 S.D. 31, 58 N.W. 4 (1894). Therefore, in all due respect for the other Justices to assert their opinions, I must respectfully dissent.

I am authorized to state that Justice AMUNDSON joins this dissent.