1998 SD 129

**Donald BRADLEY and Crystal Bradley, Plaintiffs and Appellants,**

v.

**Lawrence F. DELORIA, Defendant and Appellee.**

No. 20372.

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1998.

Decided Dec. 30, 1998.

Rehearing Denied Feb. 2, 1999.

Sean M. O'Brien Brookings, South Dakota Attorney for plaintiffs and appellants.

Thomas H. Harmon of Tieszen Law Office Pierre, South Dakota Attorneys for defendant and appellee.

PER CURIAM

## ACTION

[¶ 1.] Today we must decide what constitutes valid service of process on the Crow Creek Indian reservation. Donald Bradley appeals from an order dismissing his cause of action for invalid service of process. Service was made by a private process server, a resident of Brookings, South Dakota, upon an enrolled member of the Crow Creek Sioux Indian Tribe residing on the reservation. The circuit court found insufficient service because the process server was without authority to serve papers outside of Brookings County. We affirm.

## FACTS

[¶ 2.] On October 2, 1994, Donald Bradley was involved in an automobile accident with Lawrence Deloria on State Highway 45 in Brule County, South Dakota. This highway is located on nonreservation land. Bradley and his wife (collectively referred to hereinafter as Bradley), residents of the City of Brookings, Brookings County, South Dakota, commenced an action in state court for injuries allegedly sustained in the accident. A private process server, who also resides in Brookings, personally served Deloria, a resident of Fort Thompson, South Dakota and an enrolled member of the Crow Creek Sioux Tribe, with a summons and complaint on September 9, 1997 within the exterior boundaries of the Crow Creek Indian Reservation.

[¶ 3.] Deloria moved to dismiss under SDCL 15-6-12(b) claiming insufficiency of service of process. Following a hearing, the trial court granted the motion. The court found service was insufficient as a matter of law. Bradley appealed.

## ANALYSIS AND DECISION

[¶ 4.] Statutorily defective service of process deprives the court of personal jurisdiction. *Wagner v. Truesdell*, 1998 SD 9, 574 N.W.2d 627; *Mueller v. Zelmer*, 525 N.W.2d 49 (S.D.1994). To date, we have not directly addressed the question of the sufficiency of service on an enrolled tribal member on an Indian reservation by a private process server.[1] Many of the cases and arguments cited by Deloria in his brief to this Court involve actions arising on the reserva-

---

1. In *Red Fox v. Hettich*, 494 N.W.2d 638, 645 (S.D.1993), we addressed the issue of a tribal court's personal jurisdiction over a non-Indian defendant residing within the exterior boundaries of the reservation and held that traditional "long-arm" statutory analysis applied. No insufficiency of service questions were raised in this appeal.

The procedural history of *Wells v. Wells*, 451 N.W.2d 402, 403 (S.D.1990) indicated the circuit court had earlier dismissed the case for insufficient service of process noting a county sheriff had no jurisdiction to effectuate service of process on an enrolled tribal member while the member was residing in and domiciled on the reservation. This ruling was not appealed. The case was refiled in state court and service was made on the enrolled member by a tribal policeman. It was this refiled case which was before the Court on appeal. One of the issues we decided, in a question involving comity, was that the mailing of a summons and complaint to wife's (also a tribal member) attorney did not satisfy a tribal code requiring personal service. The sufficiency of service to the tribal member husband by a tribal policeman was not addressed.

In *Kromer v. Sullivan*, 88 S.D. 567, 225 N.W.2d 591 (1975), Justice Doyle, concurring specially, noted in dicta he believed personal jurisdiction existed when an enrolled tribal member was served while he was within the exterior boundaries of the reservation involving a transaction that appears to have occurred off the reservation. The opinion gives no information as to how or by whom process was served.

tion, brought in tribal court or raising questions of subject matter jurisdiction. It is important that the facts of this case and the issue in this appeal not be blurred. This litigation involves a member of the Crow Creek Tribe residing on the Crow Creek Indian reservation and a non-member residing off the reservation. The event in dispute arose off the reservation. The state court is the only forum available to Bradley.

[¶5.] It is well established that "state officials have no jurisdiction on Indian reservations either to serve process on an enrolled Indian or to enforce a state judgment." *Annis v. Dewey County Bank,* 335 F.Supp. 133, 136 (D.S.D.1971); *Martin v. Denver Juvenile Ct.,* 177 Colo. 261, 493 P.2d 1093 (Colo 1972). An Indian reservation constitutes a sovereign nation separate from a state and a " 'reservation Indian's domicile on the reservation is not an in-state contact which grants jurisdiction to state courts.' " *Byzewski v. Byzewski,* 429 N.W.2d 394, 397 (N.D.1988) (quoting *State ex rel. Flammond v. Flammond,* 190 Mont. 350, 621 P.2d 471, 473 (Mont 1980)). The Arizona Supreme Court has held a state court summons is invalid when served within an Indian reservation on a member of the tribe by a county deputy sheriff who was not authorized as a process server by the tribe. *Francisco v. State,* 113 Ariz. 427, 556 P.2d 1 (1976). This holding was clarified in *Dixon v. Picopa Constr. Co.,* 160 Ariz. 251, 772 P.2d 1104 (1989):

'Arizona has no authority to extend the application of its laws to an Indian reservation.' By this language we did not mean to create a 'force-field' around Indian reservations through which no Arizona civil process could pass 'regardless of the cause of action or fairness of the forum....' We merely held that a state officer could not officially serve process on an Indian reservation just as that state officer could not officially serve process in California or New Mexico.

*Id.* at 1113 (quoting *Francisco,* 556 P.2d at 5). *See State v. Zaman,* 261 Ariz.Adv.Rep. 28, —— Ariz. ——, —— P.2d ——, 1998 WL 25559 (Ariz.Ct.App.1998), *cert. denied,* —— U.S. ——, 118 S.Ct. 1167, 140 L.Ed.2d 177 (same holding in action filed against non-Indian located on the reservation noting the focus is on the authority on tribal lands of the county sheriff serving process and not on the Indian or non-Indian status of the party served).

[¶6.] In *Zaman, supra,* the Arizona court cited its state's statute that provides service may be made outside the state but within the United States in the same manner provided by the state's civil procedure by a person authorized to serve process under the law of the state where such service is made. Our statutes regarding out-of-state service of process reiterate this same rule. SDCL 15-7-3 provides "[s]ervice of process upon the persons subject to § 15-7-2 may be made by service outside this state in the same manner provided for service within this state with the same force and effect as though service had been made within this state." SDCL 15-6-4(c) provides in pertinent part:

The summons may be served by the sheriff or a constable of the county or other comparable political subdivision where the defendant may be found, or in the District of Columbia by the United States marshal or a deputy, or by any other person not a party to the action who at the time of making such service is an elector of the state in which such service is to be made.

*See Mueller,* 525 N.W.2d at 51 (under former version of this statute, private process server who was not a resident of county in which documents were to be served and was not a party to the action did not have authority to serve process).[2] *Cf. Red Fox,* 494 N.W.2d at 645 (noting with approval that the method of serving process on a non-Indian defendant for an action in tribal court was a type

---

**2.** The record in the present case does not involve, and the parties make no claim of, a signed admission of service, which was found sufficient in *Mueller* for personal jurisdiction over the defendant. *Id.* at 51. SDCL 15-6-4(c) was amended effective July 1, 1994 requiring the process server to be an elector of the state in which service is to be made rather than "of the county or other comparable political subdivision." This change does not affect application of this statute or application by analogy of *Mueller* to this appeal.

permitted by the tribe's code and the federal rules of civil procedure).

[¶ 7.] Other courts have found that treating an Indian reservation as "out-of-state" for service of process questions does not unreasonably infringe upon Indian sovereignty. *Dixon*, 772 P.2d at 1113 ("Providing they have subject matter jurisdiction, if Arizona courts have power to authorize service of Arizona civil process in foreign countries, see Rule 4(e)(6), surely they have power to extend service of Arizona civil process to defendants located on Indian reservations."); *State Securities, Inc., v. Anderson*, 84 N.M. 629, 506 P.2d 786 (N.M.1973); *Martin, supra* (holding South Dakota deputy sheriff lacked authority to serve process on enrolled member of Oglala Sioux Indian tribe residing on the Pine Ridge Indian reservation and citing Colorado Rule of Civil Procedure 4(d), governing out-of-state process); *cf.* Felix S. Cohen, Handbook on Federal Indian Law at 361 (1982) ("If a state court has subject matter jurisdiction over a claim against an Indian, service in Indian country by either tribal police or a private server should be valid."). *See also LeClair v. Powers*, 632 P.2d 370, 374 (Okla.1981) ("Indian country is not a federal enclave off limits to state process servers. Service of process extends to an Indian defendant served within the Fort Peck Reservation."); *cf. Great American Ins. Co. v. Brown*, 86 N.M. 336, 524 P.2d 199, 201 (N.M.App.1974) (federal statute granting United States exclusive jurisdiction over Indians on federally allotted land does not preempt state authority to serve process on Indian allotments where the process served is in a case which involves neither the allotted land nor the status of the allottees as allottees). Wisconsin courts perform a balancing test between the state and tribal interests and hold that the state has a compelling interest in enforcing its service of process procedures in cases where it has subject matter and personal jurisdiction over an Indian residing on the reservation who has violated a law off the reservation and returns to the reservation.

*Landreman v. Martin*, 191 Wis.2d 787, 530 N.W.2d 62 (Wis.App.1995); *In re M.L.S.*, 157 Wis.2d 26, 458 N.W.2d 541 (Wis.App. 1990). Montana extends state authority onto the Indian reservation even further. In *Little Horn State Bank v. Stops*, 170 Mont. 510, 555 P.2d 211 (1976), *cert. den.*, 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977), the Montana Supreme Court permitted the state to serve process on an Indian on the reservation and allowed the state to execute judgment against the Indian by garnishing wages he earned on the reservation. The court noted its disagreement with *Annis, supra* and rationalized that such action did not infringe upon the tribe's right to self-government.

[¶ 8.] The integrity of tribal self-government is preserved by limiting state intrusion to service of process utilizing those statutes that provide for out-of-state service. In this way, Indians who have injured non-reservation citizens of this state would not be protected from actions filed in state courts having proper subject matter and personal jurisdiction simply because they returned to the reservation. Thus, process is effective on a reservation for an action in state court provided the service complies with the requirements of SDCL 15–6–4(c).[3] Bradley looks for support to SDCL 15–6–4(d) that describes the various types of personal service. The question in this instance, however, is not whether personal service was made but whether the process server had the requisite authority to serve process on the reservation. A private process server who resides outside the reservation boundaries is not authorized under SDCL 15–6–4(c) to make service of process on a defendant residing within the exterior boundaries of an Indian reservation. *Mueller, supra*.

[¶ 9.] Both parties submitted copies of the Crow Creek Sioux Tribe's rules of procedure governing service of process and urged that separate provisions of these rules apply. However, these rules clearly apply to actions filed in tribal court. Bradley brought his

---

**3.** This does not constitute the only effective means for serving process on an Indian domiciled on the reservation. Because this action arose out of a motor vehicle accident occurring on a state highway, Deloria could have been served through the Secretary of State as a nonresident motorist. SDCL 15–7–6.

action in state court which has subject matter jurisdiction over torts committed on state highways. Pursuant to SDCL 15–7–2(2), the state courts have personal jurisdiction over Deloria provided valid service of process is made. As our state statutes provide an avenue for service of process that does not infringe upon the rights of the Indians to maintain their tribal self-government, *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959), we need not resort to an interpretation of the tribal court's procedures for determination of this appeal.

[¶ 10.] " 'Dismissal is not invariably required where service is ineffective; under such circumstances the district court has discretion to either dismiss the action, or quash service but retain the case.' " *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8thCir.1998); *Arbach v. Gruba*, 89 S.D. 322, 232 N.W.2d 842 (1975). As we see no abuse of discretion, dismissal of the action was proper.

[¶ 11.] The order is affirmed.

[¶ 12.] MILLER, Chief Justice, SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.

